FILED

SEP 24 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATS DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 07-151 (RJL) |
| | : | |
| | : | VIOLATIONS: 18 U.S.C. § 371 |
| | : | (Conspiracy) |
| v. | : | |
| | : | |
| ADAM SWEANEY, | : | |
| | : | |
| Defendant. | : | |

### ELEMENTS OF OFFENSE

In order to sustain its burden of proof for the crime of conspiracy charged in the Information, the government must prove the following three (3) essential elements beyond a reasonable doubt:

(1)   The conspiracy, agreement, or understanding to access protected computers without authorization and to engage in a scheme to defraud, as described in the Information, was formed, reached, or entered into by two or more persons;

(2)   At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose(s) of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement, or understanding; and

(3)   At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the Information and did so in order to further or advance the purpose of the agreement.[1]

---

[1] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Section 31.03 (modified) (5th Ed. 2002).

To assist in determining whether there was a conspiracy, agreement or understanding to commit the offense of accessing protected computers without authorization, the government notes the following elements for accessing protected computers without authorization, in violation of 18 U.S.C. § 1030(a)(5)(A)(ii), each of which the government must prove beyond a reasonable doubt: (1) the defendant intentionally accessed a computer without authorization, (2) as a result of the defendant's access, the defendant recklessly impaired the integrity or availability of data, a program, a system, or information, (3) the impairment of the data, program, system, or information resulted in damage affecting a computer system used by the government in furtherance of the administration of justice; or in the alternative, resulted in losses to one or more individuals totaling at least $5,000 in value at any time during a one-year period, and (4) the computer damaged was used in interstate or foreign commerce or communication.[2]

To assist in determining whether there was a conspiracy, agreement or understanding to commit the substantive offense of accessing a protected computer without authorization for the purpose of transmitting multiple commercial electronic mail messages from such computers, in violation of 18 U.S.C. § 1037(a)(1), a substantive charge that also is charged in the second count of the Information, the government notes the following elements, each of which the government must prove beyond a reasonable doubt: (1) the defendant knowingly accessed without authorization a computer that was used in interstate or foreign commerce or communication; and (2) the defendant intentionally initiated the transmission of multiple commercial electronic mail messages from or through such computer. 18 U.S. C. §1037(a)(1). The term "multiple" is defined as more than 100

---

[2] See 18 U.S.C. Section 1030(a)(5)(A)(ii) and (a)(5)(B)(I); Ninth Circuit Model Instruction 8.83, reckless damage to a protected computer.

electronic mail messages during a 24-hour period, more than 1,000 electronic mail messages during a 30-day period, or more than 10,000 electronic mail messages during a 1-year period. 18 U.S.C. §1037(d)(3).

To assist in determining whether there was a conspiracy, agreement or understanding to commit the offense of wire fraud, in violation of 18 U.S.C. §1343, the government notes the following elements, each of which the government must prove beyond a reasonable doubt: (1) defendant knowingly devised or knowingly participated in a scheme or artifice to defraud, (2) defendant did so with the intent to defraud, and (3) in advancing, or furthering, or carrying out this scheme to defraud, defendant transmitted any writing, signal, or sound by means of a wire communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire communication in interstate commerce.[3]

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
FOR THE DISTRICT OF COLUMBIA

By: _____
G. BRADLEY WEINSHEIMER
Assistant United States Attorney
Bar Number 431796
United States Attorney's Office
555 4th Street, N.W., Room 5237
Washington, D.C. 20530
(202) 514-6991

---

[3] O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, Section 47.07 (5th Ed. 2002).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing by electronic mail on counsel for defendant, Nathan I. Silver, Esq., this 10th day of July 2007.

_____
G. Bradley Weinsheimer
Assistant United States Attorney